**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

JAIRO ALFREDO MORALES,

    Plaintiff,

    v.

FITZGERALD MOTORS, INC. and
TRUIST BANK, N.A.,

    Defendants.

Civil Action No. 26-0234-TDC

## MEMORANDUM ORDER

Plaintiff Jairo Alfredo Morales has filed a civil action against Defendants Fitzgerald Motors, Inc. ("Fitzgerald Motors") and Truist Bank, N.A ("Truist") alleging state law claims of breach of contract, a breach of the implied covenant of good faith and fair dealing, fraud, defamation, and unjust enrichment. Morales seeks rescission of the contract, restitution, monetary damages, and declaratory relief. Defendants have each filed Motions to Compel Arbitration. For the reasons set forth below, Defendants' Motions will be DENIED.

## BACKGROUND

As relevant to the Motions, on March 16, 2022, Morales and Francisca Araceli Morales ("the Buyers") entered into a Retail Installment Sale Contract ("the Contract") with Fitzgerald Lakeforest Motors, Inc., which is a different entity than Fitzgerald Motors, for a used 2016 Chevrolet Silverado 1500 truck. Morales was listed as the co-buyer on the Contract. That same day, Fitzgerald Lakeforest Motors, Inc. assigned its rights under the Contract to Truist. The Contract required the Buyers to make monthly payments on the Silverado to Fitzgerald Lakeforest

Motors, Inc. or its assignee. The Contract, which the Buyers signed, also contained an arbitration provision. That provision states that:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by court action . . . . You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval.

Contract at 5, Am. Compl. Ex. A, ECF No. 16-1. The arbitration provision also states that "[w]e will pay your filing, administration, service or case management fee and your arbitrator or hearing fee . . . ." *Id.* Finally, it also states that "[a]ny arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration." *Id.*

In the presently operative Amended Complaint, Morales alleges that on or about October 13, 2025, he "initiated Arbitration out of Good Faith and with Honor to the [Contract]," and that on or about November 4, 2025, he "[n]otified the Arbitration Agency of the intent to amend the demand to include the additional respondent 'Fitzgerald Motors, Inc.' on October 31st, 2025." Am. Compl. ¶¶ 14–15, ECF No. 16. Morales further states that "[t]he Arbitration was given the case no.: 01-25-0004-8728 . . . [i]n which an invoice was due on and-or by 8th of December, 2025," but that on December 10, 2025, "the American Arbitration Association state[d] that it ha[d] declined and closed the case and-or file for failure of payment." *Id.* ¶¶ 16–17. As attachments to the Amended Complaint, Morales has submitted letters from the American Arbitration Association ("the AAA") consistent with these assertions, including a letter sent by the AAA on December 10,

2

2025 in the case of *Jairo Alfredo Morales vs. Fitzgerald Motors, Inc. vs. Truist Bank*, Case No. 01-25-0004-8728, which states that:

> As of this date, the American Arbitration Association (AAA) has not received the requested fees from the business. The AAA is declining to administer this case and has closed our file. According to R-10(b) of the Consumer Arbitration Rules, now that the AAA declines to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

12/10/25 AAA Letter at 1, Am. Compl. Ex. A, ECF No. 16-1.

On December 11, 2025, Morales filed the original Complaint in this case in the Circuit Court for Montgomery County, Maryland. On January 20, 2026, Truist removed the case to the United States District Court for the District of Maryland. Morales filed a Motion to Remand on January 30, 2026 and filed an Amended Complaint on February 13, 2026. On March 31, 2026, the Court denied Morales's Motion to Remand. On April 14, 2026, Truist filed a Motion to Compel Arbitration, and Fitzgerald Motors filed a separate Motion to Compel Arbitration that only incorporated and adopted Truist's Motion and agreed to the relief sought by Truist. Morales has not filed any memoranda in opposition to the Motions.

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that: "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2. The FAA further provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* § 4. The United States Court of Appeals for the Fourth Circuit had held that a litigant may compel arbitration pursuant to

3

the FAA upon a showing of: (1) "the existence of a dispute between the parties"; (2) "a written agreement that includes an arbitration provision which purports to cover the dispute"; (3) "the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce"; and (4) "the failure, neglect or refusal of the defendant to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991).

As to Truist's Motion, the Court finds that although the first three elements appear to be satisfied, Truist has not shown the existence of the fourth element: the failure, neglect, or refusal of Morales to arbitrate the dispute. Rather, Morales's Amended Complaint, and the attachments to that pleading, appear to demonstrate that Morales unsuccessfully attempted to arbitrate the dispute between October 2025 and December 2025, before the filing of his original Complaint, because Defendants failed to pay the required arbitration fees. Specifically, on December 10, 2025, the AAA informed Morales that he was free to submit his "dispute to the appropriate court for resolution" because it had "not received the requested fees from the business." 12/10/25 AAA Letter at 1. Notably, Truist does not dispute this account and instead only cursorily claims that the fourth element is satisfied because "Plaintiff is currently pursuing his claims through litigation instead of arbitration." Truist Mot. at 8, ECF No. 25. Therefore, the Court finds that Truist has not satisfied the fourth element because it has not established that it is "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate." 9 U.S.C. § 4; *see Whiteside*, 940 F.2d at 102; *Bedgood v. Wyndham Vacation Resorts, Inc.*, 88 F.4th 1355, 1360–61, 1366–67 (11th Cir. 2023) (upholding the denial of a defendant-company's request to compel arbitration where the plaintiffs had unsuccessfully attempted to arbitrate with the AAA, which had declined to conduct an arbitration because of the defendant's failure to comply with the AAA's requirements and released the plaintiffs to submit their dispute to an appropriate court, because the defendant was

4

not considered a party aggrieved by the failure, neglect, or refusal of another to arbitrate). Accordingly, the Court will deny Truist's Motion on that basis.

Where Fitzgerald Motors's Motion adopted Truist's Motion in its entirety and included no additional arguments, the Court will deny Fitzgerald Motors's Motion for the same reason. The Court will deny Fitzgerald Motors's Motion for the additional reason that Truist's Motion expressly disclaims seeking relief on behalf of Fitzgerald Motors. Fitzgerald Motors Mot. at 1, ECF No. 26; Truist Mot. at 2 n.2 ("This Motion relates to Plaintiff's claims against Truist only. Truist does not request that the Court stay litigation as to defendant Fitzgerald Motors, Inc., or that the Court compel arbitration of Plaintiff's claims against that defendant.").

<strong>CONCLUSION</strong>

Accordingly, it is hereby ORDERED that:

1. Defendant Truist Bank, N.A.'s Motion to Compel Arbitration, ECF No. 25, is DENIED.

2. Defendant Fitzgerald Motors, Inc.'s Motion to Compel Arbitration, ECF No. 26, is DENIED.

3. Defendants shall file an Answer to the Amended Complaint or another responsive pleading within **14 days** of the date of this Order.

Date:  August 4, 2026

THEODORE D. CHUANG
United States District Judge

5